# EXHIBIT A



USAA
9800 Fredericksburg Road
San Antonio, Texas 78288

## MISSISSIPPI AUTO POLICY

### READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained on the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown on the Declarations for which a premium is shown.**

This is a participating policy. You are entitled to dividends as may be declared by the board of directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

- By purchasing this policy you are a member of USAA and are subject to its bylaws.

- This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

- The board of directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

## QUICK REFERENCE

| | DECLARATIONS PAGE |
|---|---|
| | Named Insured and Address |
| | Policy Period |
| | Operators |
| | Description of Vehicle(s) |
| | Coverages, Amounts of |
| | Insurance and Premiums |
| | Endorsements |
| Beginning on Page 3 | **Agreement and Definitions** |
| **Part A 4** | **Liability Coverage** |
| | Definitions |
| | Insuring Agreement |
| | Bodily Injury Liability Coverage and |
| | Property Damage Liability Coverage |
| | Limit of Liability |
| | Supplementary Payments |
| | Exclusions |
| | Out of State Coverage |
| | Other Insurance |
| **Part B 7** | **Medical Payments Coverage** |
| | Definitions |
| | Insuring Agreement |
| | Medical Payments Coverage |
| | Extended Benefits Coverage |
| | Limit of Liability |
| | Exclusions |
| | Other Insurance |
| | Special Provisions |
| **Part C 11** | **Uninsured Motorists Coverage** |
| | Definitions |
| | Insuring Agreement |
| | Limit of Liability |
| | Exclusions |
| | Other Insurance |
| | Non-Duplication |
| | Loss Payable Clause |
| | (Quick Reference continued on Page 2) |

0901119ca4dc190b

USAA Confidential

| Part D 14 | Physical Damage Coverage | Part E 19 | General Provisions |
|---|---|---|---|
| | Definitions<br>Insuring Agreement<br>  Comprehensive Coverage<br>  Collision Coverage<br>  Rental Reimbursement Coverage<br>  USAA Roadside Assistance<br>Limit of Liability<br>Payment of Loss<br>Loss Payable Clause<br>Waiver of Collision Deductible<br>Exclusions<br>No Benefit to Bailee<br>Other Sources of Recovery<br>Appraisal | | Bankruptcy<br>Changes<br>Conformity to Law<br>Duties After an Accident or Loss<br>Legal Action Against Us<br>Misrepresentation<br>Non-Duplication of Payment<br>Our Right to Recover Payment<br>Ownership<br>Policy Period and Territory<br>Reducing the Risk of Loss<br>Spouse Access<br>Termination<br>Transfer of Your Interest in this<br>  Policy<br>Two or More Auto Policies |

**5100MS(02)** Rev. 05-14

0901119ca4dc190b

I.053R6C.00002 ... 

USAA Confidential

# MISSISSIPPI AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown on the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **"You"** and **"your"** refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.

B. **"We," "us,"** and **"our"** refer to the Company providing this insurance.

C. **"Auto business"** means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, towing, repossessing or storing vehicles.

D. **"Bodily injury"** (referred to as **BI**).

   1. **"Bodily injury"** means bodily harm, sickness, disease or death.

   2. **"Bodily injury"** does not include mental injuries such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.

E. **"Driving contest or challenge"** includes, but is not limited to:

   1. A competition against other people, vehicles, or time; or

   2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non−participants.

F. **"Family member"** means a person related to **you** by blood, marriage or adoption who resides primarily in **your** household. This includes a ward or foster child.

G. **"Fungi"** means any type or form of **fungi**, including mold or mildew, and includes any mycotoxins, spores, scents, or byproducts produced or released by **fungi**.

H. **"Miscellaneous vehicle"** means the following motorized vehicles: motor home; golf cart; snowmobile; all−terrain vehicle; or dune buggy.

I. **"Motorcycle"** means a two− or three−wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

J. **"Newly acquired vehicle."**

   1. **"Newly acquired vehicle"** means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

      a. A private passenger auto, pickup, **trailer**, or **van**;

      b. A **miscellaneous vehicle** that is not used in any business or occupation; or

      c. A **motorcycle**, but only if a **motorcycle** is shown on the current Declarations.

   2. **We** will automatically provide for the **newly acquired vehicle** the broadest coverages as are provided for any vehicle shown on the Declarations. If **your** policy does not provide Comprehensive Coverage or Collision Coverage, **we** will automatically provide these coverages for the **newly acquired vehicle** subject to a $500 deductible for each loss.

5100MS(02) Rev. 05−14

0901119ca4dc190b

USAA Confidential

3. Any automatic provision of coverage under **J.2.** will apply for up to 30 days after the date **you** or any **family member** becomes the owner of the **newly acquired vehicle**. If **you** wish to continue coverage for the **newly acquired vehicle** beyond this 30−day period, **you** must request it during this 30−day period, and **we** must agree to provide the coverage **you** request for this vehicle. If **you** request coverage after this 30−day period, any coverage that **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

K. **"Occupying"** means in, on, getting into or out of.

L. **"Property damage"** (referred to as **PD**).

1. **"Property damage"** means physical injury to, destruction of, or loss of use of tangible property.

2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:

a. Stored as or on;

b. Created or used on; or

c. Transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD−ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

M. **"Trailer"** means a vehicle designed to be pulled by a private passenger auto, pickup, **van**, or **miscellaneous vehicle**. It also means a farm wagon or implement while towed by such vehicles.

N. **"Van"** means a four−wheeled land motor vehicle of the van type with a load capacity of not more than 2,000 pounds.

O. **"Your covered auto"** means:

1. Any vehicle shown on the Declarations.

2. Any **newly acquired vehicle**.

3. Any **trailer you** own.

# PART A − LIABILITY COVERAGE

**DEFINITIONS**

**"Covered person"** as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

2. Any person using **your covered auto**.

3. Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in **1.** or **2.** above. With respect to an auto or **trailer** other than **your covered auto**, this provision only applies if the other person or organization does not own or hire the auto or **trailer**.

The following are not **covered persons** under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to **BI** or **PD** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **BI** or **PD**.

**INSURING AGREEMENT**

**We** will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We**

5100MS(02) Rev. 05−14

Page 4 of 24

I.053R6C.00002B.0022.00023.00000057

USAA Confidential

0901119ca4dc190b

**(PART A Cont'd.)**

will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

## LIMIT OF LIABILITY

For **BI** sustained by any one person in any one auto accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for **BI** Liability. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for **BI** Liability is **our** maximum limit of liability for all damages for **BI** resulting from any one auto accident. The limit of liability shown on the Declarations for "each accident" for **PD** Liability is **our** maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown on the Declarations; or

4. Vehicles involved in the auto accident.

## SUPPLEMENTARY PAYMENTS

In addition to **our** limit of liability, **we** will pay on behalf of a **covered person**:

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend. But **we** will not pay the premium for bonds with a face value over **our** limit of liability shown on the Declarations.

2. Prejudgment interest awarded against the **covered person** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of liability,

**we** will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing, in any suit **we** defend, on that part of a judgment that does not exceed **our** limit of liability. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment that does not exceed **our** limit of liability.

4. Up to $250 a day for loss of wages because of attendance at hearings or trials at **our** request.

5. The amount a **covered person** must pay to the United States Government because of damage to a government−owned private passenger auto, pickup, or **van** which occurs while the vehicle is in the care, custody, or control of a **covered person**. The most **we** will pay is an amount equal to one month of the basic salary of the **covered person** at the time of a loss. Only Exclusions A.1. and A.8. apply.

6. Other reasonable expenses incurred at **our** request.

7. All defense costs **we** incur.

## EXCLUSIONS

A. **We** do not provide Liability Coverage for any **covered person**:

1. Who intentionally acts or directs to cause **BI** or **PD**, or who acts or directs to cause with reasonable expectation of causing **BI** or **PD**.

2. For **PD** to property owned or being transported by a **covered person**.

3. For **PD** to property rented to, used by, or in the care of any **covered person**. This exclusion (A.3.) does not apply to damage to a residence or garage.

4. For **BI** to an employee of that person which occurs during the course of employment. This exclusion (A.4.) does not apply to a domestic employee unless workers' compensation benefits

5100MS(02) Rev. 05−14

USAA Confidential

0901119ca4dc190b

**(PART A Cont'd.)**

are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5.) does not apply to:

   a. A share—the—expense car pool; or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

6. While employed or otherwise engaged in the **auto business**. This exclusion (A.6.) does not apply to the ownership, maintenance, or use of **your covered auto** by **you,** any **family member**, or any partner, agent, or employee of **you** or any **family member**.

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the **auto business**, farming, or ranching. This exclusion (A.7.) does not apply:

   a. To the maintenance or use of a private passenger auto; a pickup or **van** owned by **you** or any **family member**; or a **trailer** used with these vehicles; or

   b. To the maintenance or use of a pickup or **van** not owned by **you** or any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self—insurance in force at the time of the accident.

8. Using a vehicle without expressed or implied permission.

9. For **BI** or **PD** for which that person is an insured under any nuclear energy liability policy. This exclusion (A.9.) applies even if that policy is terminated due to exhaustion of its limit of liability.

10. For **BI** or **PD** occurring while **your covered auto** is rented or leased to

others, or shared as part of a personal vehicle sharing program.

11. For punitive or exemplary damages.

12. For **BI** sustained as a result of exposure to **fungi**, wet or dry rot, or bacteria.

13. For **BI** to a relative who resides primarily in that **covered person's** household.

B. **We** do not provide Liability Coverage for the ownership, maintenance or use of:

   1. Any vehicle that is not **your covered auto** unless that vehicle is:

      a. A four— or six-wheel land motor vehicle designed for use on public roads;

      b. A moving van for personal use;

      c. A **miscellaneous vehicle**; or

      d. A vehicle used in the business of farming or ranching.

   2. Any vehicle, other than **your covered auto,** that is owned by **you,** or furnished or available for **your** regular use. This exclusion (B.2.) does not apply to a vehicle not owned by **you** if the vehicle's owner has valid and collectible primary liability insurance or self—insurance in force at the time of the accident.

   3. Any vehicle, other than **your covered auto**, that is owned by or furnished or available for the regular use of, any **family member**. This exclusion (B.3.) does not apply:

      a. To **your** maintenance or use of such vehicle; or

      b. To a vehicle not owned by any **family member** if the vehicle's owner has valid and collectible primary liability insurance or self—insurance in force at the time of the accident.

5100MS(02) Rev. 05—14

I.053R6C.000026.0024.0004.0.0000207

USAA Confidential

0901119ca4dc190b

(PART A Cont'd.)

4. Any vehicle while being operated in, or in practice for, any **driving contest or challenge**.

C. There is no coverage for liability assumed by any **covered person** under any contract or agreement.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of liability coverages required by law. However, no one will be entitled to duplicate payments for the same elements of loss.

## OTHER INSURANCE

If there is other applicable liability insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide to a **covered person** for a vehicle **you** do not own shall be excess over:

1. Any other applicable liability insurance; or

2. Any self-insurance in compliance with a state's financial responsibility law or mandatory insurance law.

---

# PART B - MEDICAL PAYMENTS COVERAGE

## DEFINITIONS

A. **"Beneficiary"** means (in order of priority of payment):

1. The surviving spouse if a resident in the same household as the deceased at the time of the accident; or

2. If the deceased is an unmarried minor, either of the surviving parents who had legal custody at the time of the accident; or

3. The estate of the deceased.

B. **"Covered person"** as used in this Part means:

1. **You** or any **family member** while **occupying** any auto.

2. Any other person while **occupying your covered auto**.

3. **You** or any **family member** while not **occupying** a motor vehicle if injured by:

   a. A motor vehicle designed for use mainly on public roads;

   b. A **miscellaneous vehicle**; or

   c. A **trailer**.

C. **"Essential services"** means those household services that a **covered person** who is at least 18 years old would have performed without pay.

D. **"Income actually lost"** means the difference between:

1. The total of gross salary, fees, commissions, and profits from a business that a **covered person** was earning at the time of the accident; and

2. The total of gross salary, fees, commissions, profits from a business and payments from an income continuation or similar plan that the **covered person** received during the period of **total disability**.

E. **"Medical payment fee"** is an amount, as determined by **us** or someone on **our** behalf, that **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services**. The amount that **we** will pay will be one of the following:

1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

5100MS(02) Rev. 05-14

USAA Confidential

0901119ca4dc190b

**(PART B Cont'd.)**

2. The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed; or

   b. A reasonable fee for the service provided.

F. **"Medically necessary and appropriate medical services"** are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by **us** or someone on **our** behalf, are required to identify or treat **BI** caused by an auto accident and sustained by a **covered person** and that are:

1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

5. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, **"medically necessary and appropriate medical services"** do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

3. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

G. **"Total disability"** means disability which continuously prevents the **covered person** from performing the substantial duties of that person's usual occupation.

**INSURING AGREEMENT**

A. Medical Payments Coverage.

1. **We** will pay only the **medical payment fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services. These fees and expenses must:

   a. Result from **BI** sustained by a **covered person** in an auto accident; and

   b. Be incurred for services rendered within one year from the date of the auto accident.

2. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **medical payment fees** for **medically necessary and appropriate medical services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **medical payment fees** and reasonable

5100MS(02) Rev. 05-14

0901119ca4dc190b

I.053R6C.00002E.0021.0005.0.000012.7
USAA Confidential

**(PART B Cont'd.)**

expenses, but such additional charges are not covered.

3. **We** will not be liable for pending or subsequent benefits if a **covered person** or assignee of benefits under Medical Payments Coverage unreasonably refuses to submit to an examination as required in Part E – General Provisions, Duties After An Accident or Loss.

B. Extended Benefits Coverage. **We** will pay the following benefits for **BI** caused by an auto accident and sustained by a **covered person**:

1. Wage Earner Disability Benefit of 85% of **income actually lost** by an employed **covered person** during a period of **total disability**.

2. Essential Services Disability Benefit for reasonable expenses incurred for **essential services** during the time the **covered person** is actually unable to perform the services. This benefit applies only if the services are performed by a non-**family member**.

3. Death Benefit of $5,000 to the **beneficiary** of a **covered person** who dies within one year from the date of the auto accident as a direct result of **BI** caused by that accident.

## LIMIT OF LIABILITY

The following provisions represent the most **we** will pay regardless of the number of **covered persons** or **beneficiaries**, claims made, vehicles or premiums shown on the Declarations, or vehicles involved in an auto accident.

A. Medical Payments.

1. The limit of liability shown on the Declarations for Medical Payments Coverage is the maximum limit of liability for each **covered person** injured in any one accident.

2. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of this policy.

B. Extended Benefits Coverage.

The limit of liability for Wage Earner Disability Benefit and the limit of liability for Essential Services Disability Benefit, as stated on the Declarations, is the maximum limit of liability for each coverage for each **covered person** injured in any one accident, subject to the following conditions:

1. Payment of Wage Earner Disability Benefit to **you** or any **family member** will not exceed the amount shown on the Declarations per 30-day period.

2. Payment of Wage Earner Disability Benefit to a **covered person** other than **you** or any **family member** will not exceed $1,000 per 30-day period.

3. Wage Earner Disability Benefit and Essential Services Disability Benefit begin on or after the eighth day after the accident, but no later than one year after the accident. **We** will pay these benefits for no more than one year to any one **covered person**. These benefits will not continue after the death of the **covered person**.

4. Any amounts otherwise payable as benefits under Wage Earner Disability Benefit shall be reduced by:

a. The amount of any similar benefits which are paid or payable under any workers' compensation law or policy, or under any disability or health and accident policy; and

b. The amount of any disability benefits provided by any governmental agency.

**5100MS(02)** Rev. 05–14

0901119ca4dc190b

USAA Confidential

(PART B Cont'd.)

## EXCLUSIONS

**We** do not provide benefits under this Part for any **covered person** for **BI**:

1.  Sustained while **occupying** any vehicle that is not **your covered auto** unless that vehicle is:

    a. A four- or six-wheel land motor vehicle designed for use on public roads;

    b. A moving van for personal use;

    c. A **miscellaneous vehicle**; or

    d. A vehicle used in the business of farming or ranching.

2.  Sustained while **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (2.) does not apply to:

    a. A share-the-expense car pool; or

    b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

3.  Sustained while **occupying** any vehicle located for use as a residence.

4.  Occurring during the course of employment if workers' compensation benefits are required or available. This exclusion (4.) does not apply to Extended Benefits Coverage.

5.  Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by **you**.

6.  Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by any **family member**. This exclusion (6.) does not apply to **you**.

7.  Sustained while **occupying** a vehicle without expressed or implied permission.

8.  Sustained while **occupying** a vehicle when it is being used in the business or occupation of a **covered person**. This exclusion (8.) does not apply to **BI** sustained while **occupying** a private passenger auto, pickup or **van**, or a **trailer** used with these vehicles.

9.  Caused by or as a consequence of war, insurrection, revolution, nuclear reaction or radioactive contamination.

10. Sustained while **occupying your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. Sustained while a participant in, or in practice for, any **driving contest or challenge**.

12. Sustained as a result of a **covered person's** exposure to **fungi**, wet or dry rot, or bacteria.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## SPECIAL PROVISIONS

A. To establish Wage Earner Disability Benefits, any **covered person** making a claim for **income actually lost** must submit all income-related documents **we** may reasonably require.

   Income will be computed using the monthly rate being earned on the date of the accident and will be paid monthly as loss accrues. If not a salary or fixed amount, the monthly rate will be the average monthly income actually earned during the 12 months preceding the accident, or during the period the **covered person** actually was employed if less than 12 months.

**5100MS(02)** Rev. 05-14

0901119ca4dc190b

L053R6C.000026.0021.00038.0.000000.Z

USAA Confidential

**(PART B Cont'd.)**

B. If **your covered auto** and every other motor vehicle **you** own are within the policy territory referred to in Part E – General Provisions, then coverage under Part B – Medical Payments Coverage will apply to **you** and any **family member** anywhere in the world.

---

## PART C – UNINSURED MOTORISTS COVERAGE (referred to as UM Coverage)

UM Coverage includes underinsured motorists coverage.

**DEFINITIONS**

A. **"Covered person"** as used in this Part means:

1. **You** or any **family member**.

2. Any other person **occupying your covered auto**.

3. Any person for damages that person is entitled to recover because of **BI** to which this coverage applies sustained by a person described in 1. or 2. above.

However, **"covered person"** does not include the United States of America or any of its agencies.

B. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1. To which no liability bond or policy, or deposit of cash or securities applies at the time of the accident.

2. To which a liability policy applies at the time of the accident but its limits of liability are less than the limits of liability for **BI** or **PD**, whichever is applicable, under the UM Coverage of this policy.

3. To which a liability bond or deposit of cash or securities applies at the time of the accident but is not enough to pay the full amount the **covered person** is entitled to recover as damages.

4. That is a hit-and-run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits:

a. **You** or any **family member**;

b. A vehicle **you** or any **family member** is **occupying**; or

c. **Your covered auto**.

5. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage or is or becomes insolvent within twelve months following the accident.

6. That is owned or operated by a person protected by immunity under the Mississippi Tort Claims Act, Title 11, Chapter 46, Mississippi Code of 1972, if the **covered person** has exhausted all administrative remedies under that chapter.

C. **"Uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of **you** or any **family member** unless it is **your covered auto** to which Part A of the policy applies and Liability Coverage is excluded for damages sustained in the accident.

2. Owned or operated by a self-insurer under any applicable motor vehicle law.

3. Owned by the United States Government and against which a claim may be made under the Federal Tort Claims Act, as amended.

4. Operated on rails or crawler treads, except for a snowmobile.

**5100MS(02)** Rev. 05–14

USAA Confidential

0901119ca4dc190b

**(PART C Cont'd.)**

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**INSURING AGREEMENT**

A. **We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **BI** sustained by a **covered person** and caused by an auto accident; and

2. **PD** caused by an auto accident.

B. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**. Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us**.

C. **We** will pay under UM Coverage only after:

1. The limits of liability under any liability bonds or policies; or

2. Any deposits of cash or securities;

have been exhausted by payment of judgments or settlements.

**LIMIT OF LIABILITY**

A. Accidents in which **BI** is sustained by **you** or any **family member**.

These limits are the most **we** will pay regardless of the number of **covered persons**, claims made, vehicles shown on the Declarations, premiums paid, or vehicles involved in an accident:

1. For **BI** sustained by **you** or any **family member** in any one accident, **our** maximum limit of liability for all resulting damages including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for **BI**

under UM Coverage, multiplied by the number of premiums shown on the Declarations for **BI** under UM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for **BI** under UM Coverage multiplied by the number of premiums shown on the Declarations for **BI** under UM Coverage is **our** maximum limit of liability for all damages for **BI** resulting from any one accident.

However, if **BI** is also sustained in the accident by any **covered person** other than **you** or any **family member**, **you** or that **family member** will be entitled to only the pro rata share of the "each accident" limit applicable to the vehicle being **occupied** at the time of the accident.

2. For **BI** sustained by any one **covered person** other than **you** or any **family member**, **our** maximum limit of liability for all damages, including but not limited to, all direct, derivative or consequential damages recoverable by any persons is the lesser of the "each person" limit shown on the Declarations for **BI** under UM Coverage or that **covered person's** pro rata share of the "each accident" limit shown on the Declarations for **BI** under UM Coverage.

B. Accidents in which neither **you** nor any **family member** sustains **BI**.

For **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for **BI** under UM Coverage applicable to the vehicle that the **covered person** was **occupying** at the time of the accident. Subject to this maximum limit for "each person," **our** maximum limit for all damages for **BI** resulting from any one accident is the limit shown on the Declarations for "each accident" for **BI** under UM Coverage. **Our** maximum limit of liability for all **PD** resulting from any one accident is the limit

**5100MS(02)** Rev. 05–14

0901119ca4dc190b

I.053R6C.000026.0023397.0.000000.Z

USAA Confidential

(PART C Cont'd.)

of liability shown on the Declarations for "each accident" for **PD** under UM Coverage. These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown on the Declarations;

4. Premiums paid; or

5. Vehicles involved in the auto accident.

C. **Our** maximum limit of liability for **PD** to:

1. Property owned by **you** or any **family member** resulting from any one accident is the limit of liability shown on the Declarations for **PD** under UM Coverage, multiplied by the number of premiums shown on the Declarations for **PD** under UM Coverage. However if there is also **PD** to property owned by a **covered person** other than **you** or any **family member**, **you** or that **family member** will be entitled to only the pro rata share of the limit applicable to the vehicle being **occupied** at the time of the accident.

2. Property owned by any **covered person** other than **you** or any **family member** is that **covered person's** pro rata share of the limit of liability shown on the Declarations for **PD** under UM Coverage.

D. The limits of liability for **BI** (each person and each accident) and **PD** under UM Coverage shall be reduced by all sums paid because of the **BI** or **PD** by or on behalf of persons or organizations who may be legally responsible. This includes all such sums paid under Part A.

## EXCLUSIONS

A. **We** do not provide UM Coverage for the first $200 of the amount of **PD** to the property of each **covered person** as the result of any accident.

B. **We** do not provide UM Coverage for **BI** or **PD** sustained by any **covered person**:

1. If that person or the legal representative settles the **BI** or **PD** claim with the owner or operator of the **uninsured motor vehicle** without **our** consent.

2. While **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (B.2.) does not apply to:

a. A share-the-expense car pool; or

b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

3. Using a vehicle without expressed or implied permission.

4. While **your covered auto** is rented or leased to others, or shared as part of a personal vehicle sharing program.

5. While **occupying** any vehicle when it is being operated in, or in practice for, any **driving contest or challenge**.

C. UM Coverage shall not apply directly or indirectly to benefit:

1. Any insurer or self-insurer under any workers' compensation law or similar disability benefits law.

2. Any insurer of property.

## OTHER INSURANCE

If there is other applicable insurance for UM Coverage available under one or more policies or provisions of coverage:

1. Any insurance **we** provide with respect to a vehicle **you** do not own or to a person other than **you** or any **family member** will be excess over any collectible insurance.

2. If the coverage under this policy is provided:

5100MS(02) Rev. 05-14

USAA Confidential

0901119ca4dc190b

(PART C Cont'd.)

a. On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

b. On an excess basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

## NON-DUPLICATION

No **covered person** will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

1. Paid because of the **BI** or **PD** by or on behalf of persons or organizations who may be legally responsible.

2. Paid or payable under any workers' compensation law or similar disability benefits law.

3. Paid under another provision or coverage in this policy.

4. Paid under any auto policy medical expense coverage.

## LOSS PAYABLE CLAUSE

With respect to **PD**, loss or damage under Part C – UM Coverage will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's right of recovery.

---

# PART D – PHYSICAL DAMAGE COVERAGE

## DEFINITIONS

A. **"Actual cash value"** means the amount that it would cost, at the time of **loss**, to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

B. **"Collision"** means the impact with an object and includes upset of a vehicle. **Loss** caused by the following is covered under Comprehensive Coverage and is not considered **collision**: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If breakage of window glass is caused by a **collision**, **you** may elect to have it considered a loss caused by **collision**.

C. **"Custom equipment"** means equipment, furnishings and parts permanently installed in or upon **your covered auto**, other than:

1. Original manufacturer equipment, furnishings or parts;

2. Any replacement of original manufacturer equipment, furnishings or parts with other equipment, furnishings or parts of like kind and quality;

3. Equipment, furnishings or parts designed to assist disabled persons;

4. Anti-theft devices and devices intended to monitor or record driving activity; and

5. Tires of a substantially similar size as those installed by the manufacturer.

D. **"Loss"** means direct and accidental damage to the operational safety, function, or appearance of, or theft of, **your covered auto**, or personal property contained in

I.053R6C.00002 0.0024.0008 0.000000 7

USAA Confidential

0901119ca4dc190b

**(PART D Cont'd.)**

your covered auto. **Loss** includes a total loss, but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use, or diminution in value that would remain after **repair** or replacement of the damaged or stolen property.

E. **"Nonowned vehicle."**

1. **"Nonowned vehicle"** means any private passenger auto, pickup, **van**, **miscellaneous vehicle**, or **trailer** not owned by, or furnished or available for the regular use of, **you** or any **family member**. This applies only when the vehicle is in the custody of or being operated by **you** or any **family member**.

2. A **nonowned vehicle** does not include any of the following vehicles used in any business or occupation other than farming or ranching:

   a. A pickup;

   b. A **van**; or

   c. A **miscellaneous vehicle**.

F. **"Repair."**

1. **"Repair"** means restoring the damaged property to its pre-**loss** operational safety, function, and appearance. This may include the replacement of component parts.

2. **"Repair"** does not require:

   a. A return to the pre-**loss** market value of the property;

   b. Restoration, alteration, or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

   c. Rekeying of locks following theft or misplacement of keys.

G. **"Your covered auto"** as used in this Part includes:

1. **Custom equipment**, up to a maximum of $5,000, in or on **your covered auto**.

2. A **nonowned vehicle**. If there is a **loss** to a **nonowned vehicle**, **we** will provide the broadest coverage shown on the Declarations.

**INSURING AGREEMENT**

A. Comprehensive Coverage (excluding **collision**).

1. Physical damage. **We** will pay for **loss** caused by other than **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations. The deductible will be waived for **loss** to window glass that can be repaired rather than replaced. In cases where the repair proves unsuccessful and the window glass must be replaced, the full amount of the deductible, if any, must be paid.

2. Transportation expenses. **We** will also pay:

   a. Up to $30 a day, to a maximum of $900, for transportation expenses incurred by **you** or any **family member**. This applies only in the event of a total theft of **your covered auto**. **We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not **repairable**, up to seven days after **we** have made a settlement offer.

   b. If Rental Reimbursement Coverage is afforded, limits for transportation expenses are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

**5100MS(02)** Rev. 05-14

Page 15 of 24

USAA Confidential

0901119ca4dc190b

(PART D Cont'd.)

B. Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto**, including its equipment, and personal property contained in **your covered auto**, minus any applicable deductible shown on the Declarations.

C. Rental Reimbursement Coverage (for **loss** other than total theft).

1. **We** will reimburse **you** for expenses **you** or any **family member** incurs to rent a substitute for **your covered auto**. This coverage applies only if:

   a. **Your covered auto** is withdrawn from use for more than 24 hours due to a **loss**, other than a total theft, to that auto; and

   b. The **loss** is covered under Comprehensive Coverage or caused by **collision**, and the cause of **loss** is not otherwise excluded under Part D of this policy.

2. **We** will reimburse **you** only for that period of time reasonably required to **repair** or replace **your covered auto**. If **we** determine **your covered auto** is a total loss, the rental period will end no later than seven days after **we** have made a settlement offer.

D. USAA Roadside Assistance. **We** will pay the reasonable costs **you** or any **family member** incurs for one of the following each time **your covered auto** is disabled:

1. Mechanical labor up to one hour at the place of breakdown.

2. Locksmith services to gain entry to **your covered auto**. This does not include the rekeying of locks following theft or misplacement of keys.

3. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

4. Delivery of gas or oil to, or change of

tire on a disabled vehicle. However, **we** do not pay for the cost of these items.

## LIMIT OF LIABILITY

A. Total loss to **your covered auto**. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the **actual cash value** of the vehicle, inclusive of any **custom equipment**.

1. The maximum amount **we** will include for **loss** to **custom equipment** in or on **your covered auto** is $5,000.

2. **We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the **loss**.

B. Other than a total loss to **your covered auto**:

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the amount necessary to **repair** the **loss** based on **our** estimate or an estimate that **we** approve, if submitted by **you** or a third party. Upon request, **we** will identify at least one facility that is willing and able to complete the **repair** for the amount of the estimate.

2. **Our** estimate may specify used, rebuilt, remanufactured, or non–Original Equipment Manufacturer (non–OEM) parts.

3. **You** may request that damaged parts be replaced with new Original Equipment Manufacturer (OEM) parts. **You** will be responsible, however, for any cost difference between the parts included in **our** estimate and the new OEM parts used in the **repair**.

4. **We** will not take a deduction for depreciation. **We** will take a deduction if prior damage has not been **repaired**. Prior damage does not include wear and tear.

0901119ca4dc190b

I.053R6C.0000280002.0002.0001.000000.Z

USAA Confidential

**(PART D Cont'd.)**

C. Personal property contained in **your covered auto**. The limits of liability described below are separate from the limits available for a **loss** to **your covered auto**.

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the lesser of:

   a. The amount necessary to replace the damaged or stolen property; or

   b. $250.

2. **We** will not take a deduction for depreciation.

D. Under Rental Reimbursement Coverage, **our** maximum limits of liability are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

E. Under USAA Roadside Assistance, **our** limit of liability is the reasonable price for the covered service.

**PAYMENT OF LOSS**

**We** may pay for **loss** in money, or **repair** or replace the damaged or stolen property. **We** may, at **our** expense, return any stolen property to **you** or to the address shown on the Declarations. If **we** return stolen property, **we** will pay for any damage resulting from the theft. **We** may keep all or part of the damaged or stolen property and pay **you** an agreed or appraised value for it. **We** cannot be required to assume the ownership of damaged property. **We** may settle a claim either with **you** or with the owner of the property.

**LOSS PAYABLE CLAUSE**

**Loss** or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of **your** fraudulent acts or omissions unless the **loss** results from **your** conversion, secretion, or embezzlement of **your covered auto**. **We** may cancel the policy as permitted by policy terms and the cancellation will terminate this

agreement as to the loss payee's interest. **We** will give the same advance notice of cancellation to the loss payee as **we** give to the named insured shown on the Declarations. **We** may send notices to the loss payee either by mail or by electronic means. However, if the loss payee requests in writing that **we** not send notices, including a notice of cancellation, **we** will abide by that request. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

**WAIVER OF COLLISION DEDUCTIBLE**

**We** will not apply the deductible to **loss** caused by **collision** with another vehicle if all of these conditions are met:

1. The **loss** to **your covered auto** is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the **loss**; and

4. The driver of **your covered auto** is not legally responsible, in any way, for causing or contributing to the **loss**.

**EXCLUSIONS**

**We** will not pay for:

1. **Loss** to **your covered auto** which occurs while it is being used to carry persons for a fee. This exclusion (1.) does not apply to:

   a. A share–the–expense car pool; or

   b. **Your covered auto** used for volunteer work when reimbursement is limited to mileage expenses.

2. Damage due and confined to:

   a. Road damage to tires;

   b. Wear and tear;

   c. Freezing; or

**5100MS(02)** Rev. 05–14                    Page 17 of 24

USAA Confidential

0901119ca4dc190b

**(PART D Cont'd.)**

d. Mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of **your covered auto** or its equipment. **We** will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto**, and it does not apply to USAA Roadside Assistance.

3. **Loss** due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

4. **Loss** to a camper body or **trailer** owned by **you** or any **family member** that is not shown on the Declarations. This exclusion (4.) does not apply to one **you** or any **family member** acquires during the policy period and asks **us** to insure within 30 days after **you** or any **family member** becomes the owner.

5. **Loss** to any **nonowned vehicle** when used by **you** or any **family member** without a reasonable belief that **you** or that **family member** is entitled to do so.

6. **Loss** to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

7. **Loss** to any **nonowned vehicle** arising out of its use by **you** or any **family member** while employed or otherwise engaged in **auto business** operations.

8. **Loss** to **your covered auto** while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

9. **Loss** to any vehicle while it is being operated in, or in practice for, any **driving contest or challenge**.

10. **Loss** resulting from:

    a. The acquisition of a stolen vehicle;

    b. Any legal or governmental action to return a vehicle to its legal owner; or

    c. Any confiscation or seizure of a vehicle by governmental authorities.

    This exclusion (10.) does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

11. **Loss** resulting from use in any illicit or prohibited trade or transportation.

12. Any **loss** arising out of any act committed:

    a. By or at the direction of **you** or any **family member**; and

    b. With the intent to cause a **loss**.

13. **Loss** caused by **fungi**, wet or dry rot, or bacteria. This means the presence, growth, proliferation, spread, or any activity of **fungi**, wet or dry rot, or bacteria. This exclusion (13.) does not apply to damage directly resulting from a **loss** covered under Comprehensive Coverage or Collision Coverage.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the **loss**, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with

I.053R6C.000028.0002.691010.000000Z
USAA Confidential

0901119ca4dc190b

(PART D Cont'd.)

respect to a **nonowned vehicle** will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **nonowned vehicle**.

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the **loss**.

This provision does not apply to USAA Roadside Assistance.

## APPRAISAL

If **we** and **you** do not agree on the amount of **loss**, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

# PART E – GENERAL PROVISIONS

## BANKRUPTCY

Bankruptcy or insolvency of the **covered person**, as defined in this policy, shall not relieve **us** of any obligations under this policy.

## CHANGES

A. The premium is based on information **we** have received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete. **You** agree that if this information changes, or is incorrect or incomplete, **we** may adjust **your** premiums accordingly during the policy period.

B. If, during the policy period, the risk exposure changes for any of the following reasons, **we** will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in B.1. through B.7. or in E. below, or a similar event that may increase or decrease the policy premium. **You** agree to give **us** notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1. Change in location where any vehicle is garaged.

2. Change in description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3. Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle**.

4. Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless **we** agree to an earlier date.

5. Change in date of birth, marital status, driver's license information, or driving record of any operator.

6. Addition or deletion of an operator.

7. Change, addition, or deletion of any coverage or limits.

C. **We** will make any calculations or adjustments of **your** premium using the applicable rules, rates, and forms as of the effective date of the change.

D. If **we** make a change which broadens coverage under this edition of **our** policy without additional premium charge, that change will automatically apply to **your**

5100MS(02) Rev. 05–14

0901119ca4dc190b

USAA Confidential

(PART E Cont'd.)

insurance as of the date **we** implement that change in **your** location. This paragraph does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all of the agreements between **you** and **us**. Its terms may not be changed or waived except by endorsement issued by **us**.

E. Deployment.

1. If, because of **your** active–duty deployment in one of the military services of the United States, **you** have reduced the coverage on **your covered auto** and placed the vehicle in storage, then, upon **your** return from the deployment, **we** will reinstate the coverage that was on the vehicle prior to the deployment–caused reduction beginning on the date the vehicle is removed from storage.

2. Any reinstatement of coverage under E.1. will apply for up to 60 days after the date **you** returned from deployment. If **you** wish to continue the reinstated coverage beyond the 60–day period, **you** must request it during the 60–day period. If **you** request reinstated coverage after this 60–day period, any coverage **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

3. **You** must pay an additional premium, as set out in Part E., Changes, B.7., for the reinstated coverage. However, if **you** return from deployment on furlough or emergency leave for a period of 30 days or less, **we** will waive any increase in the premium for the period of time **you** are on furlough or emergency leave, provided that no claim for coverage under this policy is made for a loss that occurs during that time period. If a loss occurs **we** will, as of the date of the loss, reinstate the coverage that was on the vehicle prior to the deployment–caused reduction, and **you** must pay an additional premium for that coverage.

**CONFORMITY TO LAW**

If any of the terms of this policy conflict with state or local law, state or local law will apply.

**DUTIES AFTER AN ACCIDENT OR LOSS**

**We** will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

A. **We** must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person or entity seeking any coverage or payment of any benefits except payment under Part A – Liability must:

1. Cooperate with **us** in the investigation, settlement, or defense of any claim or suit.

2. Promptly send **us** copies of any notices or legal papers received in connection with a suit, accident or loss.

3. Submit, as often as **we** reasonably require:

   a. To physical exams by physicians **we** select. **We** will pay for these exams.

   b. To examination under oath. The examination must be signed.

4. Authorize **us** to obtain medical reports and other pertinent records.

5. Submit a proof of loss when required by **us**.

6. Promptly notify the police if a hit–and–run driver is involved.

C. A person seeking coverage under Part D – Physical Damage Coverage must also:

1. Take reasonable steps after loss to protect **your covered auto** and its equipment from further loss. **We** will pay reasonable expenses incurred to do this.

**5100MS(02)** Rev. 05–14

Page 20 of 24

I.053R6C.00002E.0021001100029072 USAA Confidential

**(PART E Cont'd.)**

2. Promptly notify the police if **your covered auto** is stolen.

3. Permit **us** to inspect and appraise the damaged property before its repair or disposal.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against **us** until **we** agree in writing that the **covered person**, as defined in Part A, has an obligation to pay, or the amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring **us** into any action to determine the liability of a **covered person**, as defined in this policy.

C. Unless **we** agree otherwise, any legal action against **us** must be brought in a court of competent jurisdiction in the county and state where the **covered person** lived at the time of the accident.

## MISREPRESENTATION

**We** do not provide any coverage under this policy for any person who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

1. At the time application was made; or

2. At any time during the policy period; or

3. In connection with the presentation or settlement of a claim.

## NON-DUPLICATION OF PAYMENT

When a claim, or part of a claim, is payable under more than one provision of this policy, **we** will pay the claim only once under this policy.

## OUR RIGHT TO RECOVER PAYMENT

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** will be subrogated to that right. The person to or for whom payment was made shall do whatever is necessary to enable **us** to exercise **our** rights, and shall do nothing after loss to prejudice them. However, **our** rights in this paragraph:

1. Apply to Part C – UM Coverage only after the person has been fully compensated for damages by another party.

2. Do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so, nor under Part B, Extended Benefits Death Benefit.

B. If **we** make a payment under this policy and the person to or for whom payment was made recovers damages from another, the person to or for whom payment was made shall hold in trust for **us** the proceeds of the recovery and reimburse **us** to the extent of **our** payment. However, this paragraph applies to Part C – UM Coverage only after the person has been fully compensated for damages by another party and does not apply to Part B, Extended Benefits Death Benefit.

C. If the **covered person**, as defined in this policy, recovers from the party at fault and **we** share in the recovery, **we** will pay **our** share of the legal expenses. **Our** share is that percent of the legal expenses that the amount **we** recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by **us** from any other insurer under any inter–insurer arbitration agreement.

D. If **we** make payment for a claim under Part A, and the **covered person**, as defined in Part A:

1. Knowingly concealed or misrepresented any material fact or circumstance relating to this insurance; or

USAA Confidential

0901119ca4dc190b

**(PART E Cont'd.)**

2. Failed or refused to comply with the duties specified in this policy and prejudiced **our** defense of the liability claim by such failure or refusal;

then, the **covered person** shall reimburse **us** to the extent of **our** payment and cost of defense.

E. If **we** make payment for a claim under Part D and **you** or any **family member** has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance, then **you** shall reimburse **us** to the extent of **our** payment.

**OWNERSHIP**

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to accidents and losses which occur during the policy period as shown on the Declarations and within the policy territory. The policy territory is the United States of America (USA), its territories and possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy are extended to include coverage during trips into Mexico. This applies only to loss or accident that occurs within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico, but only if **you** have valid and collectible liability coverages from a licensed Mexican insurance company at the time of loss. This paragraph (B.2.) applies only if the original liability suit for **BI** or **PD** is brought in the USA.

3. Coverage under this policy does not extend:

a. To any **covered person**, as defined in this policy, who does not live in the USA.

b. To any **covered person**, as defined in this policy, **occupying** a vehicle which is not principally garaged and used in the USA.

c. To any vehicle which is not principally garaged and used in the USA.

4. The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

5. Losses payable under Part D of the policy will be paid in the USA. If the vehicle must be repaired in Mexico, **our** limit of liability will be determined at the nearest point in the USA where repairs can be made.

6. Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

**REDUCING THE RISK OF LOSS**

**We** may occasionally provide **you** with products or services that assist **you** in preventing or reducing the risk of loss, and may provide an incentive for **your** use of these items.

**SPOUSE ACCESS**

A. The named insured and **we** agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

B. The named insured may notify **us** that he/she no longer agrees that the resident spouse shall be treated as a "customer" for

0901119ca4dc190b

I.053R6C.00002R.0024.00122.0.000097.Z
USAA Confidential

**(PART E Cont'd.)**

purposes of state and federal privacy laws, and **we** will not permit the resident spouse to access policy information.

**TERMINATION**

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. **You** may cancel this policy at any time, but the effective date of cancellation cannot be earlier than the date of the request unless **we** agree to an earlier date.

2. **We** may cancel this policy by sending notice to the named insured shown on the Declarations. This cancellation notice may be delivered to the named insured, mailed by postal mail to the most recent address **you** provided to **us** or sent electronically if **we** have **your** consent and agreement on file to receive documents electronically. In any event, **we** will give:

    a. At least ten days notice:

        (1) If cancellation is for nonpayment of premium; or

        (2) If notice is sent during the first 60 days this policy is in effect and this is not a renewal policy; or

    b. At least 30 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, **we** will cancel only:

    a. For nonpayment of premium; or

    b. If **your** driver's license or motor vehicle registration, or that of any operator who lives with **you** or who customarily uses **your** **covered auto** has been suspended or revoked. This must have occurred:

        (1) During the policy period; or

        (2) During the 180 days immediately preceding the policy effective date.

    This (A.3.b.) does not apply if, within seven days from the date of any such suspension or revocation, **you** give **us** written notice of the suspension or revocation and direct **us** to exclude the driver whose license was suspended or revoked. However, further use of **your** **covered auto** by the excluded driver shall be grounds for immediate cancellation of the policy.

4. **We** may cancel for any other reason not prohibited by law.

B. Nonrenewal. If **we** decide not to renew this policy, **we** will send notice to the named insured shown on the Declarations. This notice may be delivered to the named insured, mailed by postal mail to the most recent address **you** provided to **us** or sent electronically if **we** have **your** consent and agreement on file to receive documents electronically. In any event, notice will be sent at least 30 days before the end of the policy period.

C. Automatic Termination.

1. If **we** offer to renew and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due will mean that you have not accepted our offer.

2. If **you** obtain other insurance on **your** **covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. This does not apply to liability coverage purchased for travel in Mexico.

D. Other Termination Provisions.

1. Proof of mailing or electronic transmission of any notice will be sufficient proof of notice.

USAA Confidential

0901119ca4dc190b

**(PART E Cont'd.)**

2. If this policy is cancelled, the named insured shown on the Declarations may be entitled to a premium refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice will become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, if the named insured shown on the Declarations dies, **we** will provide coverage until the end of the policy period for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if the named insured shown on the Declarations; and

2. The legal representative of the deceased person as if the named insured shown on the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto**.

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy **we** issued to **you** apply to the same accident, the maximum limit of **our** liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

This provision does not apply to Part C – Uninsured Motorists Coverage.

Copyright, USAA, 2011. All rights reserved.
Includes copyrighted material of Insurance. Services Office, used with permission.

0901119ca4dc190b

I.053R6C.000026.0024.00130.009900.Z
USAA Confidential