# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| BRONSON D. THOMPSON, individually and on behalf of all others similarly situated, | CASE NO.: 4:20-cv-00123-SA-JMV |
| Plaintiff, | |
| v. | CHIEF JUDGE SHARION AYCOCK |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | MAGISTRATE JUDGE JANE M. VIRDEN |
| Defendant. | |

## CASE MANAGEMENT ORDER

Plaintiff Bronson D. Thompson and Defendant United Services Automobile Association ("USAA")[1] submit the following case management order for the Court's consideration:

### 1. ESTIMATED DAYS OF TRIAL AND TRIAL DATE

This matter is a proposed class action. The parties request that the Court address trial-related deadlines and issues after the Court's ruling on Plaintiff's Class Certification Motion.

### 2. ALTERNATIVE DISPUTE RESOLUTION

Counsel for both parties have negotiated settlements with one another in other civil actions and will remain open to such a possibility here. If the parties believe it would be helpful, the parties will select a neutral person for a possible mediation. If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

The parties request that the Court set the deadline for the report regarding ADR after Plaintiff's Class Certification Motion is fully briefed.

---

[1] On October 14, 2020, Plaintiffs voluntarily dismissed Plaintiffs Lauren Fancher and Joann Walker, as well as Defendants USAA Casualty Insurance Company and USAA General Indemnity Company. (Doc. # 23).

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE**

The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE**

Initial disclosures shall be served no later than November 6, 2020.

5. **MOTIONS; ISSUE BIFURCATION; CLASS CERT. DISCOVERY AND SCOPE:**

   a. **Motion to Compel Appraisal and Motion to Stay**: Plaintiff Mr. Thompson is an insured of USAA, was involved in a motor vehicle accident, filed a Physical Damage Claim with USAA, and received payment from USAA for that claim. Plaintiff contends that payment was insufficient. Mr. Thompson's policy contains an appraisal provision for Physical Damage Claims; USAA intends to move to compel appraisal and stay this action pending appraisal.

   Plaintiff contends that the issues raised in this case are legal questions that cannot be resolved through appraisal, and that a stay pending appraisal is unwarranted.

   b. **Discovery Prior to Class Cert.**: Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied. Until the issue of class certification is resolved, counsel must give priority to discovery directed to the class certification issue. Discovery on the merits shall occur after the decision on class certification with the understanding that some discovery on class certification may in some instances overlap with merits issues. In such instances discovery on these merits issues may predate the class certification decision. Once class certification is decided, the Court will schedule a second case management conference within 30 days of the issuance of an order on class certification, or as soon as practical thereafter. At the conference, the parties will among other things, propose a new discovery order, addressing additional merits discovery/expert/motions deadlines, and discuss a schedule for trying the case.

6. **DISCOVERY PROVSIONS AND LIMITATIONS RELATED TO CLASS CERT. ISSUES**

   a. Interrogatories are limited to 25 succinct questions.

   b. Requests for Production are limited to 30 succinct questions

   c. Requests for Admissions are limited to 25 succinct questions

   d. **Fact Witness Depositions**: 5

- e. **Expert Witness Disclosures**:
    - i. Plaintiff anticipates submitting up to 4 expert witnesses.
    - ii. Defendant anticipates submitting up to 4 expert witnesses.
- f. **ESI** : The parties will confer and submit a proposed ESI order to the Court no later than 30 days after entry of this order.
- g. The court imposes the following further discovery provisions or limitations:
    - iii. Pursuant to Fed. R. Evid. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.
    - iv. The Court desires to avoid the necessity of filing writing written discovery motions where Court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the Magistrate Judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.
    - v. Other
        1. The parties will submit a proposed protective order to the Court.

7. **SCHEDULING DEADLINES AS CONCERNS CLASS CERT. ISSUES:**

    - a. **Amendments**. Motions for joinder of parties or amendments to the pleadings must be filed by January 6, 2021. [NOT WITHSTANDING ANYTHING TO THE CONTRARY, THIS DEADLINE WILL CONTROL FOR ALL ISSUES OTHER THAN ADDITION OF CLASS MEMBERS IF CERT IS GRANTED]
    - b. **Experts**: The parties' experts must be disclosed by the following dates:
        - i. Plaintiff: May 25, 2021
        - ii. Defendant: June 30, 2021
    - c. **Discovery**: All discovery must be completed by September 29, 2021
    - d. **Class Certification Briefing**:

      i. Plaintiff's to Certify Class filed by: November 11, 2021

      ii. Defendant's Opposition to Plaintiff's Motion to Certify: December 23, 2021

      iii. Plaintiff's Reply in Support of Motion to Certify Class: January 3, 2022

e. **Other Motions**

      i. Motions Challenging Another Parties' Expert for Class Certification Purposes: October 14, 2021

      ii. Dispositive Motions: The parties request that the Court address this date after the Court's ruling on Plaintiff's Class Certification Motion.

f. **Pretrial**: The parties request that the Court address trial-related deadlines and issues after the Court's ruling on Plaintiff's Class Certification Motion.

g. **Trial**: The parties request that the Court address trial-related deadlines and issues after the Court's ruling on Plaintiff's Class Certification Motion.

SO ORDERED:

March 2, 2021                                Jane M. Virden
DATE                                         THE HONORABLE JANE M. VIRDEN
                                                UNITED STATES MAGISTRATE JUDGE

| **Normand PLLC** | **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC** |
|---|---|
| By: */s/ Ed Normand* <br> Edmund A. Normand, Esq. <br> *(Pro Hac Vice)* <br> Post Office Box 1400036 <br> Orlando, FL 32814-0036 <br> T: (407)603-6031 <br> F: (888)974-2175 <br> ed@normandpllc.com <br> service@normandpllc.com <br><br> Thomas M. Flanagan, Jr. (MS Bar No. 5211) <br> PO Box 1081 <br> Greenwood, MS 38935 <br> Tel: 662-453-6626 <br> tomflanagan@bellsouth.net | By: */s/ William N. Reed* <br>      WILLIAM N. REED <br> William N. Reed (MS Bar No. 4689) <br> Blythe K. Lollar (MS Bar No. 104554) <br> Baker, Donelson, Bearman <br> Caldwell & Berkowitz, pc <br> One Eastover Center <br> 100 Vision Drive, Suite 400 (ZIP 39211) <br> P. O. Box 14167 <br> Jackson, MS 39236 <br> Telephone: (601) 351-2410 <br> Facsimile: (601) 592-2410 <br> wreed@bakerdonelson.com <br> blollar@bakerdonelson.com |

| | |
|---|---|
| **Counsel for Plaintiff** | Rodger L. Eckelberry (*Pro Hac Vice*) |
| | Rand McClellan (*Pro Hac Vice*) |
| | Martina Ellerbe (*Pro Hac Vice*) |
| | Mathew G. Drocton (*Pro Hac Vice*) |
| | Baker & Hostetler LLP |
| | 200 Civic Center Drive, Suite 1200 |
| | Columbus, OH 43215 |
| | Telephone: 614) 228-1541 |
| | Facsimile: (614) 462-2616 |
| | reckelberry@bakerlaw.com |
| | rmcclellan@bakerlaw.com |
| | mellerbe@bakerlaw.com |
| | mdracton@bakerlaw.com |
| | |
| | ***Attorneys for UNITED SERVICES AUTOMOBILE ASSOCIATION*** |