IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRONSON D. THOMPSON                                                                  PLAINTIFF

V.                                                               CIVIL ACTION NO. 4:20-CV-123-SA-JMV

UNITED SERVICES
AUTOMOBILE ASSOCIATION                                                               DEFENDANT

ORDER

On October 6, 2020, the Plaintiff, Bronson Thompson, filed an Amended Class Action Complaint [21] on behalf of himself and all others similarly situated, for breach of contract.[1] The Defendant, USAA, then filed a Motion [26] to Compel Appraisal and Stay Proceedings on October 18, 2020. The Magistrate Judge assigned to this case entered a Report and Recommendation [39] on December 16, 2020, recommending the Motion [26] be granted. Thompson then filed an Objection [42] to the Report and Recommendation [39] on December 30, 2020. The issues have been fully briefed and are ripe for review.

*Factual and Procedural History*

In his Amended Complaint [21], Thompson seeks damages for breach of contract on his behalf and on behalf of a purported class. Thompson's vehicle was involved in an accident on or about December 19, 2017, and thereafter he filed a claim with USAA. Under the policy, if USAA deems the cost to repair the vehicle to be more than the cost, at the time of the loss, to buy a comparable vehicle minus the salvage value, then USAA considers the vehicle to be a "total loss." In such a case, USAA's liability is limited to the actual cash value of the vehicle ("ACV") which

---

[1] Thompson initially filed his Amended Complaint [21] with two other named plaintiffs, Lauren Fancher and Joann Walker, who were later dismissed by stipulation of dismissal. *See* [23].

is defined as "the amount that it would cost, at the time of loss, to buy a comparable vehicle . . ." *See* [26], Ex. 1 at p. 27.

After Thompson's accident, USAA deemed his vehicle a "total loss," then paid him the ACV of the vehicle. USAA determined the adjusted value of the vehicle to be $26,548.29, sales tax for the vehicle to be $1,327.41, and title fees for the vehicle to be $10.00. Thus, excluding title fees, at the time of the wreck, the vehicle was valued at $27,875.70 (adjusted value plus sales tax). USAA subtracted the deductible amount from the total then paid Thompson. The amount USAA paid to Thompson did not include license (registration) fees or dealer fees, and Thompson argues that such fees should have been included in the payment. The contract's appraisal provision reads as follows:

> If we and you do not agree on the amount of loss, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither we nor you waive any rights under this policy by agreeing to an appraisal.

*See* [26], Ex. 1 at p. 32. Here, Thompson asserts that he does not dispute USAA's valuation of the vehicle, nor does he dispute the amount USAA determined it would cost to repair the vehicle. Instead, he asserts that USAA breached the contract by not paying the state license and dealer fees for the purchase of the new vehicle—fees he argues are included in the purchase cost for a vehicle in Mississippi. As a result, USAA invoked the appraisal provision, and Thompson did not comply. On October 18, 2020, USAA filed a Motion [26] to Compel Appraisal and Stay Proceedings. The Magistrate Judge entered a Report and Recommendation [39], recommending that the Motion [26] be granted and the case be stayed for ninety days. Thompson then timely filed an Objection [42].

*Standard of Review*

When a party files an objection to a Report and Recommendation, a court must then conduct a *de novo* review of the sections of the Report to which the party objects. *Davis v. Turner*, 2018 WL 6172521 at *1 (N.D. Miss. Nov. 26, 2018) (quoting *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (internal citation omitted)). "With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Id*. (quoting *Gauthier*, 644 F.Supp.2d at 828 (internal citation omitted)).

*Analysis*

Thompson objects to the Report and Recommendation [39] for five reasons. First, he argues that he does not dispute the amount of loss USAA determined his vehicle to have sustained. Second, Thompson asserts that his claim is one of policy interpretation. As such, he argues that his claim is a legal question and is thus not appraisable. Third, Thompson asserts that there is no appraisable issue because this is a question of whether the applicable fees are included in the vehicle's ACV, not a dispute over the amount of damage done to the vehicle. Fourth, Thompson asserts that the language in the Policy's appraisal provision is not intended to invoke appraisal if USAA disagrees with its own valuation of the vehicle. Specifically, the Magistrate Judge recommended that the Motion [26] to Compel Appraisal be granted because if USAA overpaid Thompson initially, then adding the fees to the amount he already received could affect whether USAA is required to pay him the cost to repair his vehicle or the ACV of the vehicle. Thompson argues that such a reason does not compel appraisal as he does not dispute the amount USAA has already paid him. Seeing as the appraisal provision is invoked if the parties disagree with one another as to the amount of loss, Thompson argues that since there is no disagreement between the

3

parties then appraisal should not be invoked. Finally, Thompson asserts that appraisal cannot resolve the parties' legal dispute because this is an issue of policy interpretation and sending the matter to appraisal would merely result in asking an appraiser his opinion as to whether such fees should be included as part of the ACV.

USAA points to the definition of "loss" under the contract which reads: "'Loss' means direct and accidental damage to the operational safety, function, or appearance of . . . your covered auto. . . Loss includes a total loss, but does not include any damage other than the cost to repair or replace. . ." *See* [26], Ex. 1 at p. 27-28. USAA ultimately contends that the appraisal provision is invoked because Thompson disputes the amount he was paid to replace his vehicle, and thus he disputes the amount of loss.

A case in the Southern District of Ohio presented a nearly identical issue to that in this case. In *McPheeters v. United Services Automobile Association*, the plaintiff refused to comply with her insurance contract's appraisal procedure after filing a claim against USAA. *McPheeters v. United Services Automobile Association*, 2020 WL 4901637 at *1 (S.D. Ohio Aug. 20, 2020) (slip copy). After a collision, the plaintiff's vehicle was damaged, and she later filed a claim for the damage with USAA. *Id*. Similar to Thompson in this case, USAA covered the claim and determined the vehicle to be a total loss. *Id*. A third-party vehicle valuation provider determined the value of the vehicle. *Id*. The ACV report also included the amount of sales tax for the vehicle. *Id*. The amount USAA paid to the plaintiff, however, did not include the sales tax. *Id*. She then filed a lawsuit against USAA for breach of contract. USAA then filed a motion to compel appraisal, and the plaintiff did not comply. *Id*.

The appraisal provision in that case was identical to the appraisal provision in the case before this Court. *Id*. USAA argued that the appraisal provision was to be invoked because the

parties disagreed over the amount of loss since they disagreed as to whether sales tax was included in the ACV. *Id*. at *2. The court in that case noted that the plaintiff did not disagree with the valuation USAA placed on her vehicle. *Id*. Rather, she raised an issue of policy interpretation by arguing that the ACV included sales tax. *Id*. The court then applied state law which held that policy interpretation was a matter for the court to determine, not a matter for appraisal. *Id*. (internal citations omitted). Ultimately, the court held that "[b]ecause there is no dispute over the amount of loss—only whether the Policy requires payment of sales tax—there is no appraisable issue. Accordingly, Defendant USAA's motion to compel appraisal and stay proceedings fails." *Id*.

Under Mississippi law, similar to Ohio law, "the purpose of an appraisal is not to determine the cause of loss or coverage under an insurance policy; rather, it is 'limited to the function of determining the money value of the property at issue.'" *Pearl River Cnty. Sch. Dist. v. RSUI Indem. Co.*, 2009 WL 2553267 at *1 (S.D. Miss. Aug. 17, 2009) (quoting *Jefferson Davis Cnty. Sch. Dist. v. RSUI Indem. Co.*, 2009 WL 367688 at *2 (S.D. Miss. Feb. 11, 2009) (quoting *Munn v. Nat'l. Fire Ins. Co.*, 115 So.2d 54, 55 (Miss. 1959)); *see also Smith v. State Farm Fire and Cas. Co.*, 2014 WL 11514958 at *1 (S.D. Miss. June 4, 2014) (citing *Pearl River Cnty. Sch. Dist.*, 2009 WL 2553267 at *1; *Jefferson Davis Cnty. Sch. Dist.*, 2009 WL 367688 at *2) ("Therefore, this case involves factual disputes as to the cause of loss, which necessarily lead to legal disputes as to coverage. Accordingly, an appraisal would be inappropriate at this time, and the Court denies Plaintiff's Motion for Reconsideration.").[2]

---

[2] Since such time as the Magistrate Judge issued the Report and Recommendation [39], the Plaintiff has filed two separate Notices of Supplemental Authority [80, 82], notifying the Court of decisions issued by other district courts holding that appraisal is not appropriate under largely synonymous factual circumstances. *See McNichols v. GEICO Gen. Ins. Co.*, 2021 WL 3079783 (D. Conn. July 21, 2021); *Burton v. GEICO Cas. Co.*, 2021 WL 3725678 (E.D. Mo. Aug. 23, 2021). The Court has reviewed these authorities, along with the Defendant's corresponding responses related thereto. In addition, the Court also notes a recent opinion from the District Court from the Middle District of Louisiana which, although noting that the defendant did not timely demand appraisal, held that "[t]his is a question of contract interpretation, not

Considering the authorities referenced above and the specific policy language quoted above, the Court finds that the parties' dispute as to whether license and dealer fees are included in the ACV of a vehicle is an argument pertaining to the coverage of an insurance policy, as opposed to a disagreement as to the monetary value of the property at issue. Therefore, the Court finds that the subject dispute is not an issue for appraisal. *See, e.g., Pearl River Cnty. Sch. Dist.*, 2009 WL 2553267 at *1.

As noted above, the Court, in considering an Objection to a Report and Recommendation, applies a *de novo* standard of review. As such, in order to reject the Report and Recommendation, the Court need not find that the Magistrate Judge erred. Applying this standard, the Court declines to adopt the Report and Recommendation.

*Conclusion*

For the reasons stated above, the Report and Recommendation [39] is DENIED. USAA's Motion [26] to Compel Appraisal and Stay Proceedings is DENIED. The Magistrate Judge shall reset any deadlines as necessary in light of this Order.[3]

SO ORDERED, this the 29th day of September, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

contemplated by the appraisal clause in the Policy, which is solely intended to arbitrate disputes regarding the amount of a loss." *Wright v. GEICO Cas. Co.*, 2021 WL 4429190, at *7 (M.D. La. Sept. 27, 2021).
[3] The pending Motion to Continue [84] is DENIED AS MOOT.